WALTER E. SCHMIDT V. THE STATE.

No. 3636.   Decided May 13, 1908.

</div>

**Local Option—Beer—Intoxicating Liquors.**

Where upon trial of a violation of the local option law the evidence showed that the defendant sold a bottle of Schlitz beer and that the same was intoxicating, and the issue of intoxicating liquor was properly submitted in the court's charge, the conviction will not be disturbed.

Appeal from the County Court of McCulloch.  Tried below before the Hon. C. A. Wright.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General and *Jno. E. Brown,* for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with selling a bottle of intoxicating liquor, to wit: a bottle of beer, to one D. J. Wood.

Wood testified that he bought a bottle of Schlitz beer from appellant, and that it tasted like all other intoxicating beer that he had ever drank, and that it was Schlitz beer and intoxicating.  P. I. Wood testified that he was clerking at the Marsden Uno joint, and that he was familiar with the taste of uno and the taste of beer; that they tasted almost alike, and that he did not believe he could tell the difference in the taste of the two malt liquors, and that he had been in the saloon business about nine years.  He further testified that the effect of uno and beer upon the drinker is different, but the taste is not; that a party can drink a great number of bottles of uno without feeling it; but three or four bottles of Schlitz beer is about all that he could drink without becoming intoxicated.

The first ground of the motion for a new trial urges error in the court's charge to the effect that if the jury should find that defendant sold the witness Wood a bottle of beer, and they should further believe that same was intoxicating, they would find him guilty.  The objection to this charge is that it was not authorized by the testimony.  We do not believe this contention is correct.  The witness expressly

Vol. 53 Crim.—30.

testifies that it was Schlitz beer he purchased and it was intoxicating. This also disposes of the second ground of the motion for a new trial, which was that the evidence does not support the conviction. We are of opinion that Wood's testimony did justify the jury in believing the beer was intoxicating.

The judgment is affirmed.

*Affirmed.*